UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) Civil Action No. 3:19-CV-205-CHB ) ) |
| v. | ) ) |
| PAUL PETERSON, et al., | ) **MEMORANDUM OPINION AND** ) **ORDER** ) |
| Defendants. | ) ) ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Plaintiff Esurance's Motion for Default Judgment Against All Defendants Who Have Been Served with the Complaint [R. 57]. No Defendant has filed a response. For the reasons set forth below, the Court will grant Plaintiff's Motion in part.

**I.      Background**

This is a declaratory judgment action where Plaintiff Esurance seeks a declaration of its rights and obligations under a policy of insurance issued to Defendant Paul Peterson. [R. 1] Specifically, Esurance seeks a declaration that the automobile policy it issued to Peterson does not provide coverage for a June 30, 2016 automobile crash in Indiana in which Peterson, driving a garbage truck owned by his employer, Defendant High Sixty Four Recycling, struck several other vehicles. [R. 1, ¶¶ 21–32] Several lawsuits were filed in Indiana state court (the "State Court Lawsuits") against Peterson and his employer as a result of the collision. [R. 60-1; R. 60-2; R. 60-3] Esurance denied coverage on two grounds—Peterson was acting within the scope of his employment when he crashed (and the policy contained an exclusion for insureds operating a vehicle while engaged in any business), and the garbage truck exceeded the weight limited covered by the policy (which excluded vehicles weighing

1

more than 10,000 pounds). [R. 1, ¶¶ 35–36] Esurance then filed this declaratory judgment action naming Peterson and his employer, High Sixty Four Recycling, as Defendants, and seeking a declaration that no coverage exists under the policy and no duty to defend or indemnify Peterson or satisfy any damages arising out of the automobile accident. [R. 1, p. 8] Esurance also named the other drivers involved in the 2016 crash as Defendants, including Jatinder Singh, Amrit Freight Transport, Todd Phillips, Harvest Rodman, Laura Morsey, Brent Kulwicki, Tara Powell, and Mark Payton.

On October 1, 2020, Esurance sought and obtained a clerk's entry of default against six Defendants (Peterson, Todd Phillips, Harvest Rodman, Laura Morsey, Tara Powell, and Mark Payton), after each was served but failed to answer or otherwise respond to Plaintiff's Complaint. [R. 49–54] On October 22, 2020, Esurance moved for default judgment against these Defendants, as well as Defendant Kulwicki. [R. 57] On February 17, 2021, the Court ordered Esurance to show cause (1) why default judgment should be entered against Kulwicki, given that he was previously dismissed from this action pursuant to an Agreed Order of Dismissal [R. 42], (2) why Defendants Amrit Freight Transport, Highway Sixty Four Recycling, and Jatinder Singh, who have not been served, should not be dismissed from the action for Rule 4(m) non-compliance, and (3) what specific state-court complaints have been filed related to the automobile action. [R. 59, p. 3] Esurance responded that it was not opposed to dismissal of Kulwicki (per the previous Agreed Order of Dismissal of Brent Kulwicki [R. 42]) and not opposed to the dismissal of the three Defendants that Esurance failed to serve. [R. 60, pp. 1–2]. Finally, Esurance provided copies of State Court Lawsuits, none of which named Esurance as a party. [R. 60-1; R. 60-2; R. 60-3]

As an initial matter, because Esurance failed to serve Defendants Amrit Freight Transport, Highway Sixty Four Recycling, and Jatinder Singh, [R. 60, p. 2], these three Defendants will be dismissed for Esurance's failure to comply with Rule 4(m). Fed. R. Civ. P. 4(m). Further, Esurance agrees that Defendant Kulwicki should be dismissed per the previous Agreed Order of Dismissal of

Brent Kulwicki dated April 13, 2020, [R. 60, pp. 1–2; R. 42].[1] Because Kulwicki was previously dismissed from this action, default judgment is not proper against him. With respect to the remaining six Defendants against whom Esurance obtained a clerk's entry of default (Peterson, Todd Phillips, Harvest Rodman, Laura Morsey, Tara Powell, and Mark Payton per [R. 49–54]) Esurance now moves for default judgment.

## II. Legal Standard

A. Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure governs default judgment. That Rule "require[s] a defendant to serve an answer within twenty days of being served with a summons and complaint. Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter a default judgment." *Weiss v. St. Paul Fire & Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002) (internal citation omitted); *accord* Fed. R. Civ. P. 55(b)(2). "Once default is entered, the defaulting party is deemed to have admitted all of the well-pleaded factual allegations in the complaint . . . ." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 670 (N.D. Ohio 2016). But, "[e]ven if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Hicks v. Smith*, No. 3:17-CV-251-CHB, 2020 WL 5824030, at *1 (W.D. Ky. Sept. 30, 2020) (quoting *Anderson v. Johnson*, 194 F.3d 1311 (Table), 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999)).

The relevant factors for considering whether default judgment is appropriate include: "1) possible prejudice to the plaintiff; 2) the merits of the claims; 3) the sufficiency of the complaint; 4)

---

[1] In its Response to the Court's Show Cause Order, Esurance states that it initially included Kulwicki in its Motion for Default Judgment because, although Esurance and Kulwicki tendered the Agreed Order of Dismissal of Brent Kulwicki, the proposed Order was never entered by the Court. However, the Agreed Order was filed at R. 42, and Kulwicki was terminated from the case.

the amount of money at stake; 5) possible disputed material facts; 6) whether the default was due to excusable neglect; and 7) the preference for decisions on the merits." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 5:20-CV-54-REW, 2020 WL 6302650, at *2 (E.D. Ky. May 4, 2020) (quoting *Russell v. City of Farmington Hills*, 34 F. App'x 196, 198 (6th Cir. 2002)).

    B.  <u>Declaratory Judgment Act</u>

Esurance seeks a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201. The Declaratory Judgment Act "does not provide an independent basis for jurisdiction. Rather, it provides courts with discretion to fashion a remedy in cases where federal jurisdiction already exists." *Allstate Ins. Co. v. Cantrell Funeral Home Inc.*, No. 19-CV-12263, 2020 WL 4915558, at *3 (E.D. Mich. Aug. 21, 2020); *see also Heydon v. MediaOne of Southeast Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003). Courts may use their discretion to determine whether they should exercise their jurisdiction to grant declaratory relief. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 552 (6th Cir. 2008). In the Sixth Circuit, courts use the five "*Grand Trunk* factors" to determine whether declaratory relief is appropriate:

> (1) [W]hether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race for res judicata;" (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective.

*Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984). The Sixth Circuit further breaks down the fourth factor into three sub-factors:

> (1) [W]hether the underlying factual issues are important to an informed resolution of the case;
> (2) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

> (3) whether there is a close nexus between underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.

*United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 396 (6th Cir. 2019) (alteration in original) (quoting *Flowers*, 513 F.3d at 560).

### C. Discussion

The Court will now consider Esurance's Motion for Default Judgment against the six defaulting Defendants. Under the applicable standards, the unchallenged facts in Esurance's Complaint entitle it to declaratory relief under the Declaratory Judgment Act. That is, Esurance can assert a "legitimate cause of action" under the Declaratory Judgment Act because declaratory relief is appropriate under Esurance's well-pleaded facts, as explained below, and the relevant factors weigh in favor of entering default judgment. 28 U.S.C. § 2201; *Hicks*, 2020 WL 5824030, at *1.

Here, the Clerk entered default, and therefore the remaining Defendants are bound on the issue of coverage as to the factual allegations in the Complaint. That is, it is undisputed that Peterson's insurance policy does not provide coverage for the June 30, 2016 crash. The Complaint alleges that Peterson was driving a "garbage type semi-truck with a trailer" owned by his employer, Highway Sixty Four Recycling, at the time of the crash. [R. 1, ¶ 22] No parties have disputed this, and the state-court complaints submitted by Esurance substantiate that Peterson was driving a garbage truck owned by his employer at the time of the collision. [*See* R. 60-1, ¶ 8 (alleging that Peterson was "acting as an agent/servant/employee of Defendant, Highway 64 Recycling LLC"); R. 60-2, ¶ 6 (alleging that Peterson was "operating a Ford H Series truck owned by Defendant Highway 64 Recycling, LLC, and while in the scope of his employment")] The truck weighed upwards of 70,000 pounds. [R. 1, ¶¶ 31–32] Meanwhile, several provisions of the insurance policy submitted by Esurance make clear that the policy excluded coverage for incidents stemming from Peterson operating a vehicle within the scope

of his employment. First, the insurance policy covered Peterson's Ford Mustang, not a garbage truck owned by Highway Sixty Four Recycling. [R. 1-2] Second, the policy only covered vehicles "[w]ith a gross vehicle weight rating . . . of 10,000 pounds or less." [R. 1-1, p. 4] Third, the policy specifies that Esurance has "no duty to defend and do[es] not provide Liability Coverage for any 'insured' . . . [m]aintaining or using any vehicle while that 'insured' is employed or otherwise engaged in any 'business.'" *Id.* at 8. Because it is undisputed that Peterson was operating a vehicle for his employer during the 2016 collision (and that vehicle also exceeded the weight limitation under the policy), any injuries or liability stemming from the automobile collision are not covered by the express terms of Peterson's insurance policy.

Even so, "[a] clerk's entry of default is not a guarantee that a court's entry of default judgment is going to follow in a suit arising under the Declaratory Judgment Act." *Cantrell Funeral Home*, 2020 WL 4915558, at *3. When a party seeks relief under the Declaratory Judgment Act, the Court must be mindful to avoid "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). That is, prior to granting declaratory relief and entering default judgment, the Court must also determine whether it should exercise its jurisdiction under the *Grand Trunk* factors. Though not addressed by any of the parties, considering the relevant factors for exercising jurisdiction under the Declaratory Judgment Act (as outlined in Section II.B., *supra*), the Court finds jurisdiction is appropriate. *See Grand Trunk W. R.R. Co. v. Consol. Rail Corp.*, 746 F.2d 323, 326 (6th Cir. 1984) (listing the relevant factors). A declaration of "no coverage" would settle the dispute between the parties and serve a useful purpose, meeting the first two factors. *See id.* There is no allegation or suspicion of "procedural fencing" or a "race for res judicata." *See id.* Although there is some potential of increased friction between the federal and state courts by exercising jurisdiction (since matters of insurance are generally left to state courts), the fourth factor does not weigh heavily under the facts of this case, given that the issues

presented are straightforward, that the Defendants have defaulted and therefore have admitted the factual allegations in the Complaint, and Esurance is not a party to any of the State Court Lawsuits. Finally, although a state-court declaratory-judgment action would typically be a better alternative, under the unique facts of this case, the Court finds this factor neutral. Balancing all these factors together, under the unique factual and procedural posture of this case, the Court finds that the factors weigh in favor of exercising the Court's jurisdiction.

The Court has determined that Esurance has pleaded a "legitimate cause of action," meeting the requirement for entering a default judgment. *Hicks*, 2020 WL 5824030, at *1. Further, the relevant factors for determining whether entering a default judgment is appropriate point in favor of default judgment. Esurance has alleged a proper complaint, there are no possible disputed material facts, there is no monetary award (and no need for a hearing), and Defendants—especially Peterson—have no excuse for why they failed to defend this action. *See Tempur-Pedic*, 2020 WL 6302650, at *5 (entering default judgment after finding declaratory relief to be appropriate); *Cantrell Funeral Home*, 2020 WL 4915558, at *7 (same).

Because the Court finds it appropriate to exercise its discretion to entertain this action under the Declaratory Judgment Act, the Court will grant Esurance's Motion for Default Judgment as to the remaining Defendants. For the reasons stated above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion for Default Judgment Against All Defendants Who Have Been Served with the Complaint [**R. 57**] is **GRANTED IN PART**.

2. Plaintiff's Motion for Default Judgment [**R. 57**] is **GRANTED** as to the following Defendants: Tara Powell, Mark Payton, Laura Morsey, Harvest Rodman, Paul Peterson, and Todd Phillips.

   3.  Defendants Amrit Freight Transport, Highway Sixty Four Recycling, and Jatinder Singh are **DISMISSED without prejudice** from this matter due to Plaintiff's failure to effect service.

   4.  Defendant Brent Kulwicki is **DISMSISED with prejudice** from this matter per the Agreed Order of Dismissal at [**R. 42**].

  This the 29th day of March 2021.

*Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of Record